PROVOSTY, J.
Plaintiff and a companion were on horseback, going down a street, the full width of which, practically, was occupied by the double trácks of the defendant railway company. One of the electric cars of the defendant company, coming behind plaintiff, frightened his horse, when within about 100 feet, and the animal become uncontrollable. The street was narrow, and more or less obstructed by a buggy and a wagon coming up towards plaintiff on the other track, and by a milk wagon which had stopped on the side; so that plaintiff found it impossible to force his skittish mount out of the way of the car. Realizing his danger, he by signs and cries sought to attract the attention of the motorman, but in vain. The latter was not looking ahead, but was eating his luncheon — a sandwich in one hand and a can of coffee in the other. He failed to see plaintiff until too late. The horse was struck and knocked out of the way, and plaintiff thrown on the track in front of the car. Fortunately he succeeded in holding onto an iron bar underneath the platform, of the car, so that he did not go under the wheels, but was only dragged on the ground. The testimony varies as to how many feet he was thus dragged; but the point is not very material. As soon as the ear stopped, he got out and stood up; .not much hurt, though very badly scared, and more or less bruised and scratched. His injuries were severe enough, however, to keep him in bed for some ten days, and keep him away from his work for about two weeks. The case was tried without a jury, and $962 allowed. This included $300 punitive damages. This element of damages must be discarded. This court has frequently held that punitive damages will not be imposed upon an employer who is only vicariously at fault. Patterson v. Railroad Co., 110 La. 797, 34 South. 782, and cases there cited.
The judgment is reduced to $662, and, as thus reduced, is affirmed; plaintiff to pay costs of appeal.